# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Tonya Rice, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:20-cv-03564-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Kilolo Kijakazi, | ) | **ORDER** |
| Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Tonya Rice's ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 28.) Plaintiff's counsel ("Counsel") seeks an award of attorney's fees in the amount of $6,172.11 and $21.15 in expenses. (*Id.* at 2.) After Plaintiff's Motion was filed, Defendant filed a Joint Stipulation, under which the parties agree that an award of $5,500.00 in attorney's fees and $21.15 in expenses under the EAJA is reasonable in this case. (ECF No. 29 at 1.)

The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d). A district court is accorded "substantial discretion in fixing the amount of an EAJA award but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)).

After reviewing Plaintiff's Motion (ECF No. 28), Plaintiff's Brief in Support of the Motion (ECF No. 28-1), Plaintiff's Fee Agreement (ECF No. 28-2), Counsel's Affidavits including timesheets (ECF Nos. 28-3, 28-4, 28-5), and the Joint Stipulation (ECF No. 29), the court finds

1

the award amount agreed to in the Joint Stipulation is reasonable. Counsel successfully represented Plaintiff before the court, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF Nos. 28-1, 28-3, 28-4, 28-5.)

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this court belong to the litigant and are subject to the Treasury Offset Program, 31 U.S.C. § 3716 (2006). Therefore, the court directs that the fees be payable to Plaintiff and delivered to Counsel. The amount of attorney's fees payable to Counsel will be the balance of attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. *See* 31 U.S.C. § 3716. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees, the amount of attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. (ECF No. 29 at 2.)

Accordingly, the court approves the award amount stipulated by the parties, **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 28) in the amount stated in the Joint Stipulation (ECF No. 29), and awards Plaintiff $5,500.00 in attorney's fees and $21.15 in expenses.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 26, 2022
Columbia, South Carolina